IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**THE UNITED STATES OF AMERICA,**

    **Plaintiff,**

**v.**                                                                                                         **CIV. No. 97-1624 JP/LFG**

**THE BOARD OF REGENTS OF THE**
**UNIVERSITY OF NEW MEXICO,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

On December 29, 2000, Dr. Koon Meng Chua filed a Seconded Amended Motion for Intervention (Doc. No. 11). After a careful review of the briefs and the relevant law, this Court has determined that Dr. Chua's motion should be granted.

I.    BACKGROUND

In 1988, the Plaintiff-in-Intervention, Dr. Koon Meng Chua, joined the faculty of the Civil Engineering Department at the University of New Mexico (UNM). In 1997, Dr. Chua filed a charge with the Equal Employment Opportunity Commission (EEOC), alleging that UNM had subjected him to discrimination on the basis of his Chinese-Singaporean national origin. The EEOC investigated Dr. Chua's charge and referred the case to the Department of Justice. On December 22, 1997, the United States brought a Title VII action against the Defendant, the Board of Regents of UNM (Complaint, (Doc. No. 1)). On December 31, 1997, soon after the filing of the Complaint, the parties settled the lawsuit by entering into a Consent Decree (Doc.

No. 5). The document provides that the "Decree shall terminate three (3) years from the date of its entry." (Consent Decree at ¶ 34).

Dr. Chua now seeks to intervene as a party plaintiff in order to pursue a claim that UNM has breached the Consent Decree. On December 29, 2000, Dr. Chua filed a Second Amended Motion for Intervention (Doc. No. 11) under Rule 24 of the Federal Rules of Civil Procedure. In support of his right to intervene, Dr. Chua cites 42 U.S.C. § 2000e-5(f)(1), which states that in Title VII cases, the individual aggrieved by alleged discrimination "shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision."

Dr. Chua attaches to his motion to intervene a proposed Motion for Contempt of Court and Breach of Consent Decree. In this proposed motion, Dr. Chua maintains that UNM has failed to satisfactorily comply with the following term of the parties' agreement, which required certain administrators to review Dr. Chua's salary history in light of his claims of inequity:

> 23.    The University shall direct Dean Paul Fleury and/or Associate Provost for Research, Dr. Nasir Ahmed, to conduct a review of Professor Chua's history in a manner consistent with a claim of salary inequity by any faculty member. Professor Chua will be advised of and shown the analysis if it is determined that there is no unjustified salary differential. If it is determined that unjustifiable inequity exists, the University will correct the inequity.

In a June 1998 memorandum to Dr. Chua, Dean Fleury stated that he had performed a statistical analysis comparing Dr. Chua's salary with the salaries of professors of similar rank over a period of several years and had determined "that there has been no unjustified salary differential between your salary and the salary of your peers in the civil engineering department."

Dr. Chua alleges that Dean Fleury's study falls short of fulfilling UNM's obligations under the Consent Decree. He contends that the parties' agreement required UNM to undertake a qualitative analysis of his salary history, involving an examination of his relative merit and performance as a professor. In addition, Dr. Chua asserts that Dean Fleury's statistical analysis contained methodological flaws. For example, the group of peers to whom Dr. Chua was compared included a faculty member who did not have a doctorate and held the rank of lecturer. Further, Dr. Chua claims that UNM delayed disclosing to him significant information and documentation regarding the review. Thus Dr. Chua alleges that he learned of the extent of the review's deficiencies only in November 2000, when UNM provided him with a table which exposed flaws in Dean Fleury's study.

## II.     DISCUSSION

### A.     UNM's Argument that Dr. Chua's Claim is Futile

UNM objects to Dr. Chua's Motion to Intervene on two principal grounds. First, UNM maintains that the Court should deny Dr. Chua's motion because his underlying claim for breach of the Consent Decree is futile. The applicable New Mexico statute of limitations bars Dr. Chua's claim, UNM argues. A consent decree is a type of contract. *Sinclair Oil Corp. v. Scherer*, 7 F.3d 191, 193 (10th Cir. 1993). Under NMSA 1978, § 37-1-23(B), breach of contract claims against governmental entities "shall be forever barred unless brought within two years from the time of accrual." According to UNM, Dr. Chua's contract claim accrued in June 1998, when he received Dean Fleury's report on the allegedly deficient salary review. Hence the two-year limitations period had already run by December 2000.

UNM has raised a viable statute of limitations argument, but this Court is not willing to

3

rule at this stage of litigation that the argument is so clearly correct as to render Dr. Chua's Motion for Contempt of Court and Breach of Consent Decree futile.  Dr. Chua demonstrates that there is at least room for debate on the issue of whether his claim is time-barred.  He reasons that the Consent Decree provided UNM three years within which to comply with the terms of the agreement, and that an action for breach of the decree thus accrued only at the end of the three-year period, when it became clear that UNM would not fulfill its contractual obligation.  Dr. Chua also argues that UNM's alleged failure to fully disclose information and documentation concerning the salary review tolled any otherwise-applicable statute of limitations until November 27, 2000, the date on which UNM shared the information with him.

In addition to asserting that Dr. Chua's proposed breach of contract claim is time-barred, UNM also contends that Dr. Chua's claim is without merit.  UNM argues that in performing the salary review, Dean Fleury employed reasonable methodology and that the analysis complied with the terms of the Consent Decree.  A plaintiff-in-intervention does have the burden of stating "a good claim for relief."  Wright, Miller, & Kane, *Federal Practice & Procedure*, § 1914 (2d ed. 1986).  However, "[t]he pleading is construed liberally in favor of the pleader and the court will accept as true the well-pleaded allegations in the pleading."  Id.  In this case, Dr. Chua has set forth sufficient allegations regarding, for instance, the purported delay in the Department's disclosure to Dr. Chua of some documentation allegedly supporting his claim that UNM failed to satisfactorily complete the salary review mandated by the Consent Decree.

      B.      <u>UNM's Argument that Dr. Chua's Motion for Intervention is Untimely</u>

UNM also opposes Dr. Chua's Motion for Intervention on the ground that it is untimely.  Federal Rule of Civil Procedure 24(a) provides that "timely application" is a prerequisite to

4

intervention of right. The Defendant cites a four factor test, outlined by the Fifth Circuit in *Lucas v. McKeithen*, 102 F.3d 171, 173 (5th Cir. 1996), for determining whether an application to intervene is timely. These factors are:

> (1) the length of time during which the proposed intervenors actually knew or reasonably should have known of their interest in the case; (2) the extent of the prejudice that the existing parties may suffer as a result of the proposed intervenors' failure to apply for intervention as soon as they actually knew or reasonably should have known of their interest in the case; (3) the extent of the prejudice that the proposed intervenors may suffer if the motion is denied; (4) the existence of unusual circumstances militating for or against the determination that the motion is timely.

Dr. Chua does not appear to object to the use of these factors for evaluating the timeliness of motions to intervene. Therefore, this Court will consider Dr. Chua's application against this framework.

      1.      Length of Time

UNM argues that Dr. Chua knew of the alleged deficiencies of the salary review by the summer of 1998 and that he should not have waited for more than two years before raising the issue with this Court. UNM interprets the Consent Decree to encourage the prompt resolution of conflicts between the parties. In support of its position, UNM cites Paragraph 32 of the parties' agreement:

> 32. The parties shall attempt to resolve informally any disputes that may occur under this Consent Decree. If the parties are unable to reach agreement within thirty (30) days after a matter has been brought to the attention of one of the parties by another party, the issue may be submitted to the Court for resolution.

UNM acknowledges that this paragraph does not set a specific time frame for bringing disputes to the attention of the Court, but maintains that it "certainly contemplates that the parties will seek

5

judicial intervention expeditiously." (Response in Opposition to Koon Meng Chua's Second Amended Motion for Intervention at 11). UNM reasons that Dr. Chua should have requested the Department of Justice to take action or Dr. Chua should have moved to intervene as a party plaintiff within a reasonable time after he learned that the salary review had not been conducted to his satisfaction.

Dr. Chua counters that he was acting in conformity with the spirit of the Consent Decree by not immediately turning to the Court when he initially learned of the alleged shortcomings of the salary review. According to Dr. Chua, he raised objections to the review with administrators and hoped that UNM would reconsider its position. As the termination date of the Consent Decree drew near, however, he realized that UNM would not satisfactorily comply with the salary review provision. Further, in November 2000, he received additional information about his review that led him to believe more firmly that UNM had violated the Consent Decree. For these reasons, Dr. Chua argues, the appropriate time for intervention did not truly arrive until recently.

This Court finds that Dr. Chua has offered a satisfactory account of his reasons for failing to intervene in this action earlier. The 30-day guideline in Paragraph 32 of the Consent Decree to which UNM refers appears to constitute a minimum period the parties must await before bringing disputes to the Court. Nothing in the provision discourages the parties from continuing efforts to resolve disputes informally for a longer period of time. Dr. Chua has a basis for arguing that his motion should be considered timely given that it was filed within the three year period of the Consent Decree.

       2.      Prejudice to UNM

UNM has identified a way in which Dr. Chua's delay in seeking intervention has

prejudiced the University's position.  Paul Fleury and Nasir Ahmed, the two individuals named in the Consent Decree as being responsible for Dr. Chua's salary review, were employed by UNM until December 2000 but have since left.  However, as Dr. Chua points out, it is unclear how greatly this circumstance prejudices UNM.   For example, although Dr. Ahmed is now out of the country, Dr. Fleury lives in Connecticut, and UNM would presumably be able to communicate with him in preparing for its defense.

        3.        Prejudice to Dr. Chua

Dr. Chua has indicated that the Department of Justice has notified him that the government will not take action to enforce the Consent Decree.  (Plaintiff-in-Intervention's Reply to Defendant's Response to Second Amended Motion for Intervention at 6).  If Dr. Chua's application for intervention is denied, no party will remain to represent his interests.  Thus Dr. Chua would be prejudiced by being unable to have his story told if the Court does not permit him to intervene.[1]

        4.        Unusual Circumstances

UNM maintains that Paragraph 32 of the Consent Decree, stating that the parties should attempt to resolve disputes informally but may submit disputes to the Court after 30 days, creates a circumstance which supports denying Dr. Chua's motion as untimely.  While UNM's argument is reasonable, the parties' inclusion of a provision emphasizing informal resolution can also be interpreted to justify a delay in resorting to litigation.  Therefore, the Court will not consider that provision of the Consent Decree to be an independent factor that weighs in favor of denying the

---

[1]      Permitting Dr. Chua an opportunity to present his case as a party, by intervention, should not be considered a reflection of the Court's opinion of the merits of Dr. Chua's claim.

motion.

After assessing the four factors relevant to evaluating the timeliness of applications for intervention, this Court concludes that Dr. Chua should be permitted to intervene.  Dr. Chua would suffer prejudice if this Court denied his Motion for Intervention, and he has articulated a reasonable argument for delaying action until he did.  In comparison, the consideration favoring denial of the motion–   that UNM will suffer prejudice with respect to the availability of witnesses–   seems less important.

IT IS THEREFORE ORDERED Dr. Chua's Second Amended Motion for Intervention (Doc. No. 11) is GRANTED.

_____
CHIEF UNITED STATES DISTRICT JUDGE