IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KOON MENG CHUA,

    Intervenor-Plaintiff,

vs.                                                CIVIL NO.  97-1624 JP/LFG-ACE

THE BOARD OF REGENTS OF THE
UNIVERSITY OF NEW MEXICO,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO COMPEL

THIS MATTER is before the Court on Defendant The Board of Regents of the University of New Mexico's ("UNM") Motion to Compel [Doc. 36]. Pursuant to an ACE order entered, this motion was electronically filed on August 17, 2001. Plaintiff-in-Intervention, Dr. Koon Meng Chua ("Dr. Chua") filed his response on September 18, 2001. No reply was filed. Oral argument is not necessary.

The present motion concerns documents requested by UNM on May 21, 2001, when UNM served its initial Requests for Production on Dr. Chua. Dr. Chua objected to the six requests to the extent the requests sought copies of documents which Dr. Chua sent or received from the Department of Justice. Dr. Chua contended that the documents were protected under a "co-litigant" privilege or a "de-facto attorney client privilege."

When a party declines to release documents under a claim of privilege, it is incumbent on the party to produce a privilege log. Fed. R. Civ. P. 26(b)(5). He failed to do so.

While it was appropriate for Dr. Chua to withhold documents if he believed their disclosure would violate an appropriate privilege, he was duty bound to submit a Vaughn index.[1]

This is not a situation where Dr. Chua can assert surprise. Indeed, after UNM received Dr. Chua's objections to the First Set of Interrogatories and First Set of Requests for Production, UNM corresponded with Dr. Chua's counsel, indicating that they failed to produce any accompanying privilege log in accordance with the requirements of Rule 26(b)(5). UNM requested that a privilege log be prepared no later than July 25, some twenty days after this renewed request. UNM renewed this request in correspondence dated July 30. Notwithstanding Dr. Chua's obligations under the federal rules and the two letter requests, he failed to submit the Vaughn index.

When a party fails to submit a Vaughn index and to properly claim a privilege relating to withheld documents, the privilege is waived. Nolan v. United States, 423 F.2d 1031, 1038 (10th Cir. 1970)(failure to assert a privilege constitutes waiver). Thus, the Court determines that Dr. Chua has waived any privilege by his failure to properly assert it and his failure to comply with the Vaughn index requirements. Accordingly, the Court directs Dr. Chua to submit all documents responsive to the Requests for Production of Documents which were previously withheld. Those documents are to be produced to UNM within 30 days.

                                          */s/ Lorenzo F. Garcia*
                                          Lorenzo F. Garcia
                                          United States Magistrate Judge

---

[1] A Vaughn index is a term derived from Vaughn v. Rosen, 484 F.2d 820 (D.C. Cir. 1973). It generally consists of a listing of withheld documents, describing the nature of the withheld document, its author, the date of creation, and to whom the document was distributed. It also requires that withholding counsel specify the nature of the privilege claimed.